07-3412-ag
Zheng v. Holder

BIA
Sichel, IJ
A095 161 001

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of July, two thousand ten.

PRESENT:
        REENA RAGGI,
        RICHARD C. WESLEY,
        GERARD E. LYNCH,
                *Circuit Judges*.

_____

RONG ZHENG,
        *Petitioner*,

        v.                                          07-3412-ag
                                                    NAC

ERIC H. HOLDER, JR.,*
UNITED STATES ATTORNEY GENERAL,
        *Respondent*.

_____

FOR PETITIONER:          Michael Brown, New York, New York.

_____

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Alberto Gonzales as the respondent in this case.

FOR RESPONDENT:          Gregory G. Katsas, Assistant
                         Attorney General; Michelle Gorden
                         Latour, Assistant Director; Tracie
                         N. Jones, Trial Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Rong Zheng, a native and citizen of the People's Republic of China, seeks review of a July 13, 2007, order of the BIA affirming the August 23, 2005, decision of Immigration Judge ("IJ") Helen J. Sichel, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Rong Zheng* No. A095 161 001 (BIA July 13, 2007), *aff'g* No. A095 161 001 (Immig. Ct. N.Y. City Aug. 23, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA decision. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well

established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

## I.  Zheng's Falun Gong Claim

Substantial evidence supports the agency's determination that Zheng did not credibly establish that he suffered past persecution due to his Falun Gong practice. *See Secaida-Rosales v. INS*, 331 F.3d 297, 307 (2d Cir. 2003).  The IJ reasonably found Zheng not credible based on: (1) his inconsistent testimony regarding the date he was allegedly arrested; (2) his admittedly false claim that he was persecuted on account of his homosexuality; (3) his inconsistent testimony about what information he provided in his first asylum application; and (4) his lengthy delay in raising his Falun Gong claim.  *See Yun-Zui Guan v. Gonzales,* 432 F.3d 391, 398 (2d Cir. 2005) (upholding adverse credibility determination based "on the commonsense observation that it is inconsistent for a petitioner to respond to the same question about the nature of his asylum claim with two entirely different responses").  Although petitioner offered explanations for these discrepancies, a reasonable fact finder would not be compelled to credit them.  *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

The agency also reasonably determined that Zheng failed to establish a well-founded fear of future persecution due to his practice of Falun Gong in the United States, as he failed to present any evidence indicating that authorities in China are aware or likely to become aware of his practice. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008) ("[T]o establish a well-founded fear of persecution in the absence of any evidence of past persecution, an alien must make some showing that authorities in his country of nationality are either aware of his activities or likely to become aware of his activities."); *Jian Xing Huang v. INS*, 421 F.3d 125, 128-29 (2d Cir. 2005) (holding that, absent solid record support for petitioner's assertion that he would persecuted, his fear was "speculative at best").

## II. Zheng's Family Planning Claim

Substantial evidence supports the agency's determination that Zheng failed to establish a well-founded fear of persecution based on the birth of his two United States citizen children. As Zheng conceded, his wife is exempt from China's family policy because she is a United States citizen, and his children would remain in the United

4

States with his wife if he were removed to China. *See Shao v. Mukasey*, 546 F.3d 138, 143 (2d Cir. 2008) (observing that absent evidence of a "perceived violation of [China's family planning policy], an alien could hardly demonstrate an objectively reasonable fear of any enforcement action").

## III. Motion to Remand

We review the BIA's denial of a motion to remand for abuse of discretion, *see Li Yong Cao v. Dep't of Justice,* 421 F.3d 149, 151, 157 (2d Cir. 2005), and detect no such abuse on this record. In support of his motion, Zheng submitted a filing receipt for an immigrant petition filed on his behalf by his wife. The BIA reasonably denied Zheng's motion, finding that he failed to demonstrate that he is eligible for adjustment of status, and that, accordingly, he failed to demonstrate that the new evidence was likely to change the outcome of his case. *See INS v. Abudu*, 485 U.S. 94, 104-05 (1988); *Poradisova v. Gonzales*, 420 F.3d 70, 78 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in

5

this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk